IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAUL CORTES-PONCE,

    Defendant.

Case No. 13-CR-40078-01-DDC

**MEMORANDUM AND ORDER**

   This matter comes before the court on defendant Raul Cortes-Ponce's Motion to Vacate, Set Aside, or Correct Sentence under § 2255.  Doc. 70.  The government has responded to Mr. Cortes-Ponce's Motion (Doc. 73), and Mr. Cortes-Ponce has filed a Reply (Doc. 74).  After considering the parties' arguments, the court denies Mr. Cortes-Ponce's Motion.

**I. Factual Background**

   On June 23, 2014, Mr. Cortes-Ponce pleaded guilty to Count 1 of an Indictment, charging that he conspired to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  Doc. 54, Presentence Investigation Report ¶ 9 ["PSR"].  Before sentencing, the United States Probation Office prepared a PSR, using the 2014 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "the Guidelines").  *Id.* ¶ 37.  The PSR determined that Mr. Cortes-Ponce was responsible for 3.62 kilograms of methamphetamine that a co-conspirator had purchased from Mr. Cortes-Ponce during the conspiracy.  *Id.* ¶ 32.  The PSR also determined that Mr. Cortes-Ponce was responsible for 200 kilograms of cocaine that he had received during the conspiracy.  *Id.*  Because the two drug quantities involved different substances, the PSR converted them to

marijuana to perform the requisite Guidelines calculation.  *Id.* ¶ 33.  The PSR calculated a total marijuana equivalent of 47,240 kilograms of marijuana.  *Id.*  This quantity of marijuana corresponded to a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2).  *Id.* ¶ 38.

The PSR added two enhancements to this base offense level:  (1) a two-level enhancement under U.S.S.G. § 2D1.1(b)(14) because Mr. Cortes-Ponce was involved with the importation of cocaine from Mexico; and (2) a four-level enhancement under U.S.S.G. § 3B1.1(a) because Mr. Cortes-Ponce was an organizer or leader of criminal activity involving five or more participants.  *Id.*  ¶¶ 39, 41.  The PSR also included a three-level reduction under U.S.S.G. § 3E1.1 because Mr. Cortes-Ponce accepted responsibility by entering a plea.  *Id.* ¶¶ 45–46.  After applying the enhancements and reduction to the base offense level, the PSR computed a total offense level of 39.  *Id.* ¶ 47.  This total offense level, combined with Mr. Cortes-Ponce's criminal history category of II, produced an advisory Guidelines' sentencing range of 292 to 365 months' imprisonment.  *Id.* ¶ 72.

Mr. Cortes-Ponce objected to the PSR's drug quantity calculation.  *Id.* ¶ 101 ("Defendant's Objection No. 1—The defendant objects to the finding in paragraph 38 that he should be held responsible for 200 kilograms of cocaine and at least 8 pounds of methamphetamine.  Therefore, the base offense level in paragraph 38 is incorrect.").  The court held a sentencing hearing on May 4, 2015.  Doc. 55.  After the government filed a motion recommending that the court sentence Mr. Cortes-Ponce to a term of 192 months' imprisonment, Mr. Cortes-Ponce's counsel withdrew the objection to the PSR's drug quantity calculation.  At the sentencing hearing, he explained:

> MR. CORNWELL:  Judge, while I did file some objections, there was a lot of back and forth on behalf of Mr. Cortes-Ponce and [the prosecutor] about where this case was going to end up.  With the [government's motion] that was filed and the amount of time that

2

> [the prosecutor], on behalf of the United States, recommended to this Court, the fact that my client did have a prior distribution conviction where there could have been an 851[1] filed and some other considerations that we've talked about, I indicated to my client that we should withdraw our objections and go with the joint recommendation of 192 months. And the Court has tentatively set that as the amount of time so I'd ask the Court to go ahead and do that. I've explained to my client my rationale and reasons therefore.

Doc. 63 at 15–16. The court sentenced Mr. Cortes-Ponce to 192 months' imprisonment. *Id.* at 17; *see also* Doc. 57 at 1–2. The court also stated at the sentencing hearing that it had determined that the PSR's calculations were accurate. Doc. 63 at 11–12.

Mr. Cortes-Ponce filed an appeal to the Tenth Circuit. Doc. 61. The Tenth Circuit denied his appeal on September 1, 2015. Doc. 69. Mr. Cortes-Ponce did not file a petition for writ of certiorari with the Supreme Court. Mr. Cortes-Ponce, proceeding pro se,[2] filed the pending § 2255 motion on March 25, 2016.[3] Doc. 70.

## II.   Legal Standard

Section 2255 entitles a federal prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is]

---

[1]   A district court may not impose an enhanced sentence based on a prior conviction unless the government "files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1).

[2]   Because Mr. Cortes-Ponce files his motion pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3]   Mr. Cortes-Ponce's motion is timely. A federal prisoner must file a § 2255 motion within one year from the date when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, Mr. Cortes-Ponce's conviction became final when his time for filing a petition for writ of certiorari expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006). This occurred 90 days after the Tenth Circuit denied his appeal on September 1, 2015, that is, on December 1, 2015. *See* Sup. Ct. R. 13(1) (providing 90 days after entry of judgment to file a petition for writ of certiorari). So, Mr. Cortes-Ponce had one year from December 1, 2015 to file his § 2255 motion. He filed the motion on March 25, 2016 (Doc. 70), well within the time for filing a § 2255 motion.

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).  The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).  A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.  *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).  A court need not conduct an evidentiary hearing where a petitioner's factual allegations are inherently incredible, where they amount to conclusions instead of statements of fact, or where they contradict the record.  *See id.*; *see also United States v. Cervantes-Samaniego*, No. 07-20099-JWL, 2012 WL 1788141, at *1 (D. Kan. May 17, 2012).

 **III.  Analysis**

Mr. Cortes-Ponce asserts an ineffective assistance of counsel claim based on his attorney's failure to object to his "cocaine-based sentence."  Doc. 70 at 4.  Mr. Cortes-Ponce provides the following facts as support for this claim:

> I pled guilty exclusively to a methamphetamine conspiracy involving 3620 grams of it.  Unrelated to it a CI said I also distributed 200 kilograms of cocaine which was not part of the same course of conduct or common scheme or plan.  My attorney did not object to it and was therefore ineffective to my prejudice.

*Id.* To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, "the [petitioner] must show that counsel's performance was deficient."  *Id.*  This requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  "Second, the [petitioner] must show that the deficient

4

performance prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

A petitioner must demonstrate both of the *Strickland* prongs to establish an ineffective assistance of counsel claim. *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006). A failure to prove either one is dispositive. *Id.* The court considers each of *Strickland*'s two requirements below. It concludes that petitioner has satisfied neither prong. He thus fails to establish ineffective assistance of counsel.

### A. Was Counsel's Performance Deficient?

To establish that counsel's performance was deficient under the first *Strickland* prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A strong presumption exists, however, "that counsel's performance falls within the 'wide range of competent assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Counsel's strategic or tactical decisions are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (citation and internal quotation marks omitted).

A petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*, 477 at 381 (citing *Strickland*, 466 U.S. at 688–89). The court must evaluate "[t]he reasonableness of counsel's performance" not in hindsight, but "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Id.* (citing *Strickland*, 466

U.S. at 689).  And, when making this evaluation, the court's "standard of review is highly deferential."  *Id.* (citing *Strickland*, 466 U.S. at 689).

Mr. Cortes-Ponce cannot meet his burden under *Strickland*'s first prong.  As described above, his counsel initially objected to the PSR's drug quantity calculation, including the inclusion of 200 kilograms of cocaine.  Counsel withdrew this objection at the sentencing hearing.  He explained several reasons for doing so.  First, the government had agreed, jointly with Mr. Cortes-Ponce, to recommend 192 months' imprisonment—a term of imprisonment significantly less than the advisory Guidelines' sentencing range of 292 to 365 months' imprisonment.  Second, counsel recognized that the government could have filed a motion under 21 U.S.C. § 851, which would have subjected Mr. Cortes-Ponce to a mandatory 20-year term of imprisonment by statute.  Third, counsel described "some other considerations" that he had discussed with his client that led him to withdraw the objection and agree to the joint recommendation of a 192-month imprisonment sentence.  *See* Doc. 63 at 15–16.

The court presumes that counsel's reasons for making the strategic decision to withdraw the objection were correct.  Mr. Cortes-Ponce provides no basis for finding that counsel's decision was completely unreasonable or that it bore no relationship to a possible defense strategy.  He thus fails to show that counsel's performance fell outside the range of professionally competent assistance.  And so, he does not satisfy the first *Strinkland* prong.

### B.  Did Counsel's Performance Prejudice the Defense?

To establish prejudice under the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  When deciding this

issue, the court must "focus[ ] on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687). In cases where the petitioner has entered a guilty plea, he must show that counsel's deficient performance "affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

    Mr. Cortes-Ponce cannot meet this standard under the facts he asserts here. He fails to show that, but for his counsel's withdrawal of the objection to the PSR, he would have received a lesser sentence than the 192 months' imprisonment sentence imposed. Instead, the facts demonstrate that the government and Mr. Cortes-Ponce agreed to a recommendation of 192 months' imprisonment. This recommendation was significantly less than the advisory Guidelines' sentencing range of 292 to 365 months' imprisonment. The court announced in its tentative sentence that it would accept the parties' recommendation. After this announcement, counsel withdrew the objection, and the court sentenced Mr. Cortes-Ponce to 192 months' imprisonment. The court thus did not base the sentence on the advisory Guidelines range which was calculated using the drug quantities that Mr. Cortes-Ponce complains about in his § 2255 motion. Mr. Cortes-Ponce cannot demonstrate a reasonable probability that he would have received a shorter term of imprisonment had his counsel not withdrawn his objection to the PSR. He thus fails to satisfy the second *Strickland* prong.

    Mr. Cortes-Pontce cannot establish ineffective assistance under either prong of the two-part *Strickland* test. The court thus concludes that an evidentiary hearing is unnecessary here

because Mr. Cortes-Ponce's allegations are not supported by the record. Mr. Cortes-Ponce provides no basis for the court to vacate, set aside, or correct his sentence. The court thus denies his § 2255 motion.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted). While this standard does not require a petitioner to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336. For the reasons explained above, Mr. Cortes-Ponce has not made a substantial showing of the denial of a constitutional right. The court thus declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Raul Cortes-Ponce's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (Doc. 70) is denied.

**IT IS SO ORDERED.**

**Dated this 10th day of January 2017, at Topeka, Kansas.**

                                                 s/ Daniel D. Crabtree_____
                                                 Daniel D. Crabtree
                                                 United States District Judge