# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 13-40078-01-DDC |
| RAUL CORTES-PONCE (01), | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

Defendant Raul Cortes-Ponce pleaded guilty to Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).  Doc. 57 at 1 (Judgment in a Criminal Case).  On May 5, 2015, our court sentenced Mr. Cortes-Ponce to 192 months in prison followed by five years of supervised release.  *See id.* at 2–3.  Today, the Bureau of Prison estimates his day of release from federal custody as February 18, 2027.  *See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results* (last visited February 19, 2025).

Mr. Cortes-Ponce has filed a motion invoking 18 U.S.C. § 3582(c)(2).  This statute empowers the court to modify a sentence if the sentence was "based on a sentencing range" later reduced by the Sentencing Commission.  *Id.*  Defendant's motion relies on Amendment 821 to the United States Sentencing Guidelines.  *See* Doc. 83 ("MOTION FOR REDUCTION OF SENTENCE TO 18 U.S.C § 3582(c)(2) AND AMENDMENT TO THE FEDERAL SENTENCING GUIDELINES").  More specifically, the motion cites U.S. Sent'g Guidelines Manual, § 4A1.1(d), (e) (U.S. Sent'g Comm'n 2024).  Doc. 83 at 1.  The Sentencing

Commission amended part of § 4A1.1 in late 2023, and the Commission explained the scope of

this amendment, as it applies to § 4A1.1, in this fashion:

> As specified in subsection (d), the parts of Amendment 821 that are
> covered by this policy statement are Parts A and B, Subpart 1 only,
> subject to the special instruction at subsection (e)(2). Part A
> amended §4A1.1 (Criminal History Category) to limit the overall
> criminal history impact of "status points" (*i.e.*, the additional
> criminal history points given to defendants for the fact of having
> committed the instant offense while under a criminal justice
> sentence, including probation, parole, super-vised release,
> imprisonment, work release, or escape status).

U.S. Sent'g Guidelines Manual, § 1B1.10 cmt 7 (U.S. Sent'g Comm'n 2024) (page 43 of

Guidelines Manual, effective Nov. 1, 2024). But this amendment didn't affect Mr. Cortes-

Ponce's sentence range because he never received any "status points." *See* Doc. 54 at 10

(Amended Presentence Report ¶ 51) (calculating defendant's criminal history points but *not*

awarding any "status points" under § 4A1.1).[1]

 In sum, nothing in Amendment 821 lowered Mr. Cortes-Ponce's sentencing range. So,

nothing in § 3582(c)(2) or any other statutory provision permits the court to modify his sentence.

This conclusion means the court lacks authority to modify his sentence under

§ 3582(c), depriving it of jurisdiction over his motion. *See, e.g.*, *United States v. White*, 765 F.3d

1240, 1250 (10th Cir. 2014) ("Mr. White was ineligible to receive a sentence reduction under

§ 3582(c)(2). . . . [D]ismissal for lack of jurisdiction rather than denial on the merits is the

appropriate disposition of Mr. White's § 3582(c)(2) motion."). The court thus dismisses Mr.

---

[1] The court is mindful of a second prong for Amendment 821, the new zero-point offender provision now codified in Guideline § 4C1.1. In brief form, this part of the amendment provides a two-level reduction for offenders who received zero criminal history points. If Mr. Cortes-Ponce meant to invoke this part of Amendment 821, it doesn't help him either. Section 4C1.1 only applies to offenders who "did not receive any criminal history points," and meet ten other requirements identified in the provision. *See* § 4C1.1(a)(1) – (a)(11). This part of Amendment 821 doesn't benefit Mr. Cortes-Ponce because he accumulated three criminal history points. *See* Doc. 54 at 10 (Amended Presentence Report ¶ 50) (showing defendant received three criminal history points based on Colorado state court conviction).

Cortes-Ponce's "MOTION FOR REDUCTION OF SENTENCE TO 18 U.S.C § 3582(c)(2) AND AMENDMENT TO THE FEDERAL SENTENCING GUIDELINES" (Doc. 83).

**IT IS SO ORDERED.**

**Dated this 21st day of February, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**